**FILED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2022 AUG 25  PM 1: 43

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES OF AMERICA

v.

JOSHUA THOMAS BROWN

CASE NO. 3:22-cr-106-MMH-LLL
18 U.S.C. § 2252(a)(4)

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about July 8, 2022, in the Middle District of Florida, and elsewhere, the defendant,

JOSHUA THOMAS BROWN,

did knowingly possess one or more matters that contained visual depictions that had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, and that had been produced using materials that had been mailed, shipped, and transported using any means and facility of interstate and foreign commerce, the production of which visual depictions involved the use of a minor engaging in sexually explicit conduct and which visual depictions were of such conduct, and the depictions involved at least one prepubescent minor who had

not attained 12 years of age.

In violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

### **FORFEITURE**

1.  The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeitures, pursuant to the provisions of 18 U.S.C. § 2253.

2.  Upon conviction of a violation of 18 U.S.C. § 2252, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a.  Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

    b.  Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

    c.  Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3.  The property to be forfeited includes, but is not limited to, a

Samsung Note 20 Ultra cellular telephone.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL

ROGER B. HANDBERG
United States Attorney

By: *Kelly S. Karase*
Kelly S. Karase
Assistant United States Attorney

By: *Frank M. Talbot*
Frank M. Talbot
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34  
8/24/22 Revised

No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

JOSHUA THOMAS BROWN

## INDICTMENT

Violations:  Ct.  1:  18 U.S.C. § 2252(a)(4)(B)

A true bill,

███████████████ Foreperson

Filed in open court this 25th day of August, 2022.

_____  
Clerk

Bail  $_____

GPO 863 525